UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 1:25-cv-20138

AT LAW AND IN ADMIRALTY

JANE DOE,
Individually and as the Parent and Natural
Guardian of L.R., a Minor Child,

      Plaintiffs,

v.

ROYAL CARIBBEAN CRUISES LTD.,

      Defendant.

_____/

## COMPLAINT FOR DAMAGES

The Plaintiffs, JANE DOE, individually and as the parent and natural guardian of L.R., a minor child, hereby sues the Defendant, ROYAL CARIBBEAN CRUISES LTD. (hereinafter referred to as "Defendant" or "RCCL") and files this Complaint for Damages and says:

## THE PARTIES AND JURISDICTION

1.      This is an action for damages that exceeds $75,000 exclusive of interest, costs, and attorneys' fees.

2.      **THE PLAINTIFFS.** The Plaintiffs, JANE DOE individually and as the Natural Parent and Guardian of L.R., a Minor Child (hereinafter referred to as "L.R." or "Doe") are *sui juris* and are citizens and residents of Centreville, Virgina, for purposes of diversity. "JANE DOE" and "L.R." are aliases used because of the nature of the events in this matter. The Defendant is aware of the identities of JANE DOE and L.R. as provided in prior notice sent to the Defendant.

3.      **THE DEFENDANT-ROYAL CARIBBEAN CRUISES LTD.** The Defendant ROYAL CARIBBEAN CRUISES LTD.  (hereinafter "Defendant" or "RCCL"), is a foreign

corporation incorporated in Liberia, but does business in the State of Florida, and at all times material hereto was and is doing business in Miami Dade County, Florida. At all times material hereto, the Defendant owned and/or operated the cruise ship on which the subject negligence occurred.

4. **FEDERAL SUBJECT MATTER JURISDICTION**. Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332 as this is a civil action where the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state. This action also arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C. § 1333.

5. **VENUE AND PERSONAL JURISDICTION**. This action is being filed in Federal Court in Miami Dade County, Florida, as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant. The Defendant, at all times material hereto, itself or through an agent or representative, in the County and in the District in which this Complaint is filed:

(a) Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

(b) Had an office or agency in this state and/or county; and/or

(c) Engaged in substantial activity within this state; and/or

(d) Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

6. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

**OTHER ALLEGATIONS COMMON TO ALL COUNTS**

7.      **DATE OF THE INCIDENT.** The incident occurred between January 13, 2024 and January 21, 2024.

8.      **LOCATION OF THE INCIDENT.** The incident occurred while the ship was in navigable water while the Plaintiffss were passengers on board the *RCCL Symphony of the Seas*. Accordingly, the Plaintiffs' claims are governed by the general maritime law. Specifically, this incident occurred in the Plaintiffs' assigned cabin # 9709, located on Deck 9, on board the *Symphony of the Seas* cruise ship owned and operated by the Defendant.

9.      **STATUS OF PLAINTIFFS AS OF THE DATE AND TIME OF THE INCIDENT.** At all times material hereto, the Plaintiffs, JANE DOE and L.R., were passengers on the subject cruise ship described herein and, accordingly, were invitees while on the vessel. The Plaintiffs do not have a copy of the subject ticket, but the Defendant does.

10.     **ROYAL CARIBBEAN CRUISES LTD. AND THE DANGEROUS CONDITION.** The cruise line in its literature and advertisements markets, advertises and represents directly or indirectly that it provides a safe, secure and fun experience, and through its senior representatives, have represented to the press and the public, that cruising is a safe and secure experience or that cruising is at least as safe and secure as being on land. Further, the cruise line markets to families with minor children and teenagers. In order to accomplish this marketing, the cruise line advertises and represents that its ships are safe and secure for families and children.

11.     In an effort to save its public image and profits rather than the safety and security of its passengers, the cruise line reports incidents to U.S. authorities, the press, and the public. These representations are inaccurate. These inaccurate representations cause the American public, including the Plaintiffs herein, to choose this cruise line and when onboard to let down their guard as to the dangerous tendencies of crewmembers, and to rely on the security of the security personnel onboard the ship. The cruise line typically hires as its crewmembers young men from

developing countries and pays these young men a minimal wage below the wage which would be required if they hired Americans for the same job.  The cruise line places these young men on the ship for months at a time and require them to work 7 days a week for 12 to 14 hours a day, all in the name of saving money.  These young men are away from their families, spouses and significant others for the months, at a time, in which they are assigned to and living onboard the ships. Despite these circumstances, the cruise line does little or nothing to screen these young men before they are hired, to train the young men when they are hired, or to monitor the activities of these crewmembers after they are hired.

12.     Additionally, RCCL poorly screened (or chose not to screen), established the criteria for hiring, poorly and unreasonably trained, and poorly and unreasonably monitored this and other cabin attendants, crew who the cruise line knew would have access to passenger cabins and therefore would be around passengers, including minors.

13.     **NOTICE: THE DANGEROUS CONDITION AND PRIOR SIMILAR INCIDENTS.** The cruise line knows that crimes occur on their ships, including sexual assaults. The 11th Circuit Court of Appeals in *K.T. v. Royal Caribbean Cruises, Ltd.*, No. 17-14237, D.C. Docket 1:16-cv-25157-KMM (July 24, 2019) and *Doe v. Princess Cruise Lines, Ltd.*, 657 F. 3d 1204 (11th Cir. 2011) held that the cruise lines have been on notice a decade before the cruise in that case "that sexual assaults on cruise ships were a serious problem."  *K.T. v. Royal Caribbean Cruises, Ltd.*, No. 17-14237, D.C. Docket 1:16-cv-25157-KMM (July 24, 2019) at 18; *Doe v. Princess Cruise Lines, Ltd.*, 657 F.3d 1204, 1208 n.4 (11th Cir. 2011).   The 11th Circuit Court of Appeals in *Doe v. Princess* stated:

> Unfortunately, if congressional reports are to be believed, sexual assaults and other violent crimes on cruise ships are a serious problem. The House Subcommittee on Coast Guard and Maritime Transportation Staff has reported:

> At a hearing in March 2006 convened by the Committee on Government
> Reform, cruise industry executives testified that 178 passengers on North
> American cruises reported being sexually assaulted between 2003 and
> 2005. During that same period, 24 people were reported missing and four
> others reported being robbed.
>
> From fiscal year 2000 through June 2005, the FBI opened 305 case files
> involving "crimes on the high seas," and during those five years about
> 45% of those cases were sexual assaults that occurred on cruise ships.
>
> Salvador Hernandez, Deputy Assistant Director of the FBI, testified
> before Congress in 2007 about sexual and other physical assaults that
> have taken place on cruise ships: "Sexual assault and physical assaults on
> cruise ships were the leading crime reported to and investigated by the
> FBI on the high seas over the last five years, 55 percent and 22 percent
> respectively . . . ."

*Id.* At 1208 n.4. Yet, the cruise line failed and continues to fail to provide for the safety and
security of its passengers during its cruises. This failure of safety and security results in sexual
assaults and personal injuries to its passengers, including JANE DOE and her minor child, L.R.

14.     Additionally, prior similar incidents show evidence that RCCL had notice of the
dangerous condition here. RCCL documents prior sexual violations, rapes, sexual assaults or
sexual batteries on board their ships in logs, databases, shipboard meeting minutes, passenger
comment cards, prior complaints made to guest services throughout its fleet as well as many other
sources. Examples of prior similar incidents known to date include the following**:**

> a) All sexual assault and rapes committed by crew members against passengers
>    onboard any RCCL ship as reported by the cruise line to the FBI and the U.S.
>    Department of Transportation and posted by the agency online for the general
>    public. *See* Cruise Line Incident Reports, U.S. Dep't Transp.,
>    https://www.transportation.gov/mission/safety/cruise-line-incident-reports (last
>    updated October 2, 2024).
>
> b) From December 1, 2023 through January 13, 2023, cabin attendant Arvin Joseph
>    Mirasol installed hidden cameras in passenger cabin bathrooms while working

onboard RCCL Symphony of the Seas. Mirasol's electronics contained numerous videos of adults and minor children in various stages of undress, focusing on their genital areas. At this time, Plaintiffs are unaware of the exact number of passengers which were videotaped, however, the Defendant is in possession of that information.

c) On November 27, 2023, Youth Counselor Cris John Pentinio Castor engaged in abusive sexual contact with two-six year old girls entrusted to the care of the camp at Sea Youth Center onboard Celebrity Silhouette, owned by Royal Caribbean Group. *United States of America v. Cris John Pentinio Castor,* Case No. 23-MJ-6575-PAB

d) On April 30, 2023, cruise passenger Jeremy Froias installed a hidden Wi-Fi camera above the door inside a public restroom in a section of the wall that had been removed for repairs located on the top deck onboard RCCL Harmony of the Seas. The videos on the camera depict more than 150 individuals, including at least 40 minors, some partially naked. *United States of America v. Jeremy Froias*, Case No. 23-MJ-00487 (M)

e) On December 26, 2015, minor passenger K.T. was brutally assaulted and gang raped by a large group of male passengers after being highly intoxicated from being plied with alcohol in a public lounge and public areas by that same large group of male passengers while in the view of multiple crew members onboard an RCCL vessel. *K.T. v. Royal Caribbean Cruises, Ltd.*, Case No. 17-14237/ *D.C. Docket* 1:16-cv-25157-KMM (July 24, 2019)

f) Between April 25, 2022 and April 26, 2022, Passenger Jane Doe was drugged and raped by crew member Gassine while onboard RCCL Navigator of the Seas. *Jane Doe v. Royal Caribbean Cruises, Ltd.,* Case No. 1:23-cv-21933.

g) Royal Caribbean crew member, Zin Naing Htun, was arrested in May 2024 on charges of possessing child pornography.

h) Royal Caribbean crew member onboard RCCL Icon of the Seas, Komang Parianta, was arrested in May 2024 on charges of possessing child pornography and child sexual abuse videos.

i) Royal Caribbean crew member employed as an assistant waiter onboard RCCL Wonder of the Seas, Iwayan Pasek Brahmantara, was arrested in May 2024 on charges of possessing child pornography and a bestiality video.

j) Celebrity Cruises crew member onboard Celebrity Reflection, Dennis Ofrancia De Leon, was arrested in May 2024 on charges of possessing child pornography and child sexual abuse videos.

15.     **NOTICE: ON-GOING, REPETITIVE PROBLEM.**     Additionally, the Defendant had notice that sexual assault, including video voyeurism, on board its ships is an on-going repetitive problem. The Defendant documents and, as a matter of law, must report prior incidents involving rape, sexual assault, assault and other crimes, which may include prior shipboard safety meetings; logs or databases of prior similar incidents; prior complaints made to guest services throughout its fleet; prior investigative reports as well as through other documentation.

16.     **NOTICE: LENGTH OF TIME.**  The Defendant should have had notice of the dangerous condition due to the length of time the dangerous condition existed. RCCL Cabin Attendant, Arvin Joseph Mirasol, had been intentionally and secretly planting electronic devices in passenger cabins and recording passengers on board for months prior to the subject incident herein. The Defendant had multiple opportunities to properly inspect passenger cabins during this

time. The Defendant could have easily and reasonably observed this and removed the dangerous condition.

17.     **DESCRIPTION OF THE INCIDENT.** On April 19, 2024, about 3 months after their cruise, passenger JANE DOE, was contacted by Homeland Security Authorities and was informed that naked videos and still photos of herself and her minor son, L.R., were found on RCCL cabin attendant, Arvin Joseph Mirasol's, electronic devices/cameras. These electronic devices/cameras were intentionally, maliciously, and secretly planted in cabin #9709 by cabin attendant, Arvin Joseph Mirasol, which RCCL assigned to this cabin. RCCL, through flagrant disregard for the safety of its passengers, allowed for this sexual violation of JANE DOE and her minor son, L.R., to happen.

18.     RCCL is strictly liable for sexual assault. RCCL is liable for negligent infliction of emotional distress and intentional infliction of emotional distress. RCCL is liable for negligent failure to warn.  RCCL is liable for negligent misrepresentation.  RCCL is negligent for negligently hiring, monitoring, screening and retaining its crew members. RCCL is negligent for failing to provide a reasonably safe ship for its passengers. RCCL is liable for negligently screening and/or not screening their crew members being hired. RCCL is liable for negligent security.

19.     RCCL Cabin Attendant Arvin Joseph Mirasol's actions were intentional and have caused severe emotional distress, mental suffering and/or psychological injury to JANE DOE as an individual and as the legal guardian of her minor son, L.R. The cruise line's negligence and Arvin Joseph Mirasol's actions and conduct has caused mental anguish to JANE DOE as an individual and as the legal guardian of her minor son, L.R.

20.     Because of RCCL's negligence which caused this experience, JANE DOE as an Individual and as the Natural Parent and Guardian of her minor child, L.R. is in distress and is severely emotionally distressed. The effects of this experience will be significant and permanent.

21.    **DUTIES OWED BY THE DEFENDANT TO ITS PASSENGERS IN REGARD TO SEXUAL ASSUALT.** The Defendant owes a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiffs herein. See, *Hall vs. Royal Caribbean Cruises, Limited*, 2004 A.M.C. 1913, 2004 WL 1621209, 29 FLWD 1672, Case No. 3D03-2132 (Fla. 3d DCA Opinion filed July 21,2004) *citing Kermarec v. Compagnie Generate Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959); and *Harnesk vs. NCL Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991). The Defendant's duty is to "warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit." See, *Carlisle vs. Ulysses Line Limited, S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985).

22.    The ship's duty is created by the maritime law and by the voluntary undertakings of the Defendant. The Defendant voluntarily undertook to provide a controlled environment which was private and safe for passengers and where the Defendant's personnel would be responsible for attending to assigned passenger cabins. The Defendant made this voluntary undertaking by the fact that (a) the Defendant made representations about the family nature, safety and/or security of the cruises and marketed to families.

## COUNT I
## STRICT LIABILITY FOR VIDEO VOYEURISM AND SEXUAL ASSAULT

23.    The Plaintiffs hereby adopt and reallege each and every allegation in paragraphs 1 through 22.

24.    This is an action for RCCL's strict liability for the sexual assault committed on the Plaintiffs by the acts of RCCL's employee/crewmember on board the *RCCL Symphony of the Seas*.

25.    The general maritime law, state and federal, imposes a strict liability on the common carrier, including RCCL, for sexual assault. This is a "special non-delegable duty owed by the carrier to the passenger". *Doe v. Celebrity Cruises, Inc.*, 394 F. 3d 891, 907 (11th Cir. 2004); *New Orleans*

*and N.E.R. Co. v. Jopes,* 142 U.S. 18, 12 S.Ct. 109, 35 L.Ed. 919 (1891); *New Jersey Steam-Boat Co. v. Brockett*, 121 U.S. 637, 7 S.Ct. 1039, 30 L.Ed. 1049 (1887); thus, the cruise line has an "unconditional responsibility" for its employees misconduct. *Tullis v. Fidelity and Casualty Company of New York*, 397 F. 2d 22, 23 (5th Cir. 1968) as cited by the Eleventh Circuit Court of Appeals in *Doe v. Celebrity Cruises Inc.*, 394 F. 3d at 909. "It is a widely adopted rule that common carriers owe such an absolute duty to their passengers". *See Doe v. Celebrity Cruises Inc.* 394 F. 3d at 911.

26.     On the date of the subject incident, RCCL's employee committed the intentional acts of sexual assault on the Plaintiffs, which were passengers aboard.

27.     RCCL's crew member, Arvin Joseph Mirasol, intentionally and secretly hid a camera in the Plaintiffs's assigned cabin bathroom during the subject cruise, while working as a cabin attendant, for the purpose of capturing images and/or video recordings of the Plaintiffs, undressed and engaging in private activities in the cabin bathroom. The Plaintiffs did not consent to these sexual acts.

28.     RCCL is strictly liable and responsible for the negligent acts of its shipboard crew members who were employees and/or actual agents of RCCL. This ultimately is based on the fact that the crew members are employees of RCCL. Therefore, under respondeat superior, RCCL is liable for the negligence of all crew members working aboard its ships.

29.     When a passenger makes a maritime negligence claim against a shipowner based on an employee's negligence under a theory of vicarious liability, the passenger need not establish that the shipowner had actual or constructive notice of a risk-creating condition. *Yusko v. NCL,* 4 F.4th 1164 (11th Cir. 2021).

30.     RCCL had actual and/or constructive notice of the dangerous condition as alleged in paragraphs 13-16 above and incorporated herein.

31.    **<u>DAMAGES.</u>** RCCL's negligence proximately caused permanent injuries and damages to the Plaintiffs in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; and loss of income earning capacity for the future. The Plaintiffs, JANE DOE, individually and as the parent and natural guardian of L.R., a minor child, incurred and will incur medical and psychological expenses through the age at which the child reaches maturity and L.R., the minor child, will incur medical and psychological expenses for all time in the future thereafter. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing. The Plaintiffs have suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE** Plaintiffs, JANE DOE, individually and as the parent and natural guardian of L.R., a minor child, demands judgment against Defendant, RCCL, for economic and non-economic damages. Economic damages include but are not limited to the loss of the ability of JANE DOE and L.R. to earn money in the future and the cost of medical, psychological treatment expenses, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; and loss of income earning capacity for the future. Non-economic damages include but are not limited to damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under the General Maritime Law. The losses are either permanent or continuing and the Plaintiffs will continue to suffer the losses and

other expenses in the future, and for any and all other damages which the Court deems just and appropriate.

## COUNT II
## GENERAL NEGLIGENCE

32.     The Plaintiffs hereby adopt and reallege each and every allegation in paragraphs 1 through 22.

33.     This is an action for RCCL's negligence. RCCL's negligence caused the Plaintiffs to be sexually assaulted by video voyeurism while in their assigned cabin onboard the *RCCL Symphony of the Seas*. RCCL anticipated and foresaw that crimes such as sexual assault, including video voyeurism, would be perpetrated on passengers aboard its vessels. RCCL knew or should have known of the high risk to its passengers of crime and injury aboard the vessels.

34.     **DUTIES OWED BY RCCL.** The Defendant owes a "duty to exercise reasonable care for the safety of its passengers," including the Plaintiffs herein. *See Hall v. Royal Caribbean Cruises, Limited*, 2004 WL 1621209 (Fla. 3d DCA 2004).  The Defendant also owes a "duty to exercise reasonable care under the circumstances." *See Harnesk v. Carnival Cruise Lines, Inc.*, 1991 WL 329584 (S.D. Fla. 1991).  At all times material hereto, it was the duty of RCCL to provide the Plaintiffs with reasonable care under the circumstances while the Plaintiffs were passengers aboard the vessel.

35.     As part of RCCL's duty to use reasonable care under the circumstances, the Defendant cruise line had the duty to use reasonable care to maintain their ship in a reasonably safe condition commensurate with the activities conducted thereon and to prevent harm to its passengers resulting from the foreseeable sexual assault, including video voyeurism, on board their ships. RCCL had a duty to take precautions as were reasonably necessary to protect its passengers from sexual assault, including video voyeurism, which were reasonably foreseeable dangers.

36.    RCCL knew, or in the exercise of reasonable care should have known, that on board the cruise ships, there have been numerous instances of sexual assault, including video voyeurism.

37.    RCCL had experienced and had actual knowledge of assaults and sexual crimes, and other violence between passengers and/or crew members and anticipated and foresaw that crimes would be perpetrated on passengers aboard cruise ships. RCCL knew or should have known of the high risk to its passengers of crime and injury aboard its vessels.

38.    RCCL at all relevant times, as well as other major cruise lines, have been required to keep records of all complaints about certain crimes, which include sexual assault.  Cruise lines, including Royal Caribbean Cruise Line, must report complaints of sexual assault to the FBI and the Department of Transportation.  *See* 46 U.S.C. §3507(g)(1)(A); 46 U.S.C. §3507(k)(1); 46 U.S.C. §3507(g)(3)(A)(i),(ii). The Department of Transportation has a statutory duty to compile the reports and publish quarterly "statistical compilation[s]" about crimes, including sexual assaults that occur on board cruise vessels.  46 U.S.C. §3507(g)(4).  These compilations are titled Cruise Line Incident Reports and maintained on the United States Department of Transportation website at https://www.transportation.gov/mission/safety/cruise-line-incident-reports.  According to the Department of Transportation, sexual assault is the most common crime reported on cruise ships.  For example, in 2022, cruise lines reported 67 crimes to the Department of Transportation, 57 of which involved sexual assaults.

39.    RCCL's crew members that are assigned and responsible to attend to passenger cabins are entrusted with the care, custody and control of passenger's privacy and safety on the days of the subject incident and voyage. Despite this, the Defendant's employee cabin attendant Arvin Joseph Mirasol, sexually assaults Plaintiffs JANE DOE and L.R. by planting a camera/electronic device in their assigned cabin. The Plaintiffs did not consent to these sexual acts. RCCL failed to protect JANE DOE and L.R. from this sexual assault by their employee.

40. RCCL in its literature and advertisements, markets, advertises and represents directly or indirectly that it provides a safe, secure and fun experience.

41. RCCL had actual and/or constructive notice of the dangerous condition as alleged in paragraphs 13-16 above and incorporated herein.

42. Because RCCL knows or should have known that the most commonly reported crime on cruise ships is sexual assault, RCCL's duty of care includes taking precautions as reasonably necessary to protect its passengers from sexual assault, including video voyeurism, which were reasonably foreseeable dangers.

43. **<u>RCCL BREACHED ITS DUTY.</u>** RCCL breached its duty to exercise reasonable care and was negligent by its failures and by its choices of rules, regulations, policies, and procedures, and by its other actions and conduct including but not limited to the following: failing to fulfill their representations made in their literature, on-line and otherwise about the safety onboard its ship; failing to make, create and maintain a safe environment passengers as advertised; failing to otherwise maintain a safe environment for its passengers, including the Plaintiffs herein; failing to supervise the male crew members; failing to reasonably and properly screen, hire, and retain employees; failing to make inquiries into the background of or otherwise screen those persons, employees and/or agents hired; failing to provide, maintain, and implement reasonable measures to ensure the safety of its passengers; failing to implement proper procedures for the safety and security of the passengers; failing to adequately and sufficiently train, supervise, and or instruct its employees or agents; failing to provide adequate security for the passengers; failing to warn passengers on board the ship about the danger of sexual assault, sexual battery, and rape; failing to implement adequate security policies, security measures, and security procedures necessary to protect the passengers; failing to take additional security measures after being put on notice that the security measures in force were inadequate; failing to adequately provide an

adequate and reasonable plan for the safety and security of its passengers which would meet the known industry standards and customs for safety onboard the subject ship; failing to properly and reasonably train its employees in the proper methods of monitoring the activities of crew members in or around passenger staterooms; and failing to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the one in this case.

44.     **PROXIMATE CAUSE.** RCCL's negligence put the Plaintiffs at high risk of crime and personal injury, including sexual assault, and proximately caused the Plaintiffs' injuries and psychological trauma. Had RCCL used reasonable care and taken precautions as were reasonably necessary to protect its passengers from sexual assault, including video voyeurism, which were reasonably foreseeable dangers, the Plaintiffs would never have been sexually assaulted and suffered injuries, including psychological trauma, fright, nightmares, and severe emotional distress.

45.     **DAMAGES.** RCCL's negligence proximately caused permanent injuries and damages to the Plaintiffs, JANE DOE, individually and as the parent and natural guardian of L.R., a minor child, in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; and loss of income earning capacity for the future. The Plaintiffs, JANE DOE, individually and as the parent and natural guardian of L.R., a minor child, incurred and will incur medical and psychological expenses through the age at which the child reaches maturity and L.R., the minor child, will incur medical and psychological expenses for all time in the future thereafter. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the

enjoyment of life.  The losses are either permanent or continuing. The Plaintiffs have suffered these losses in the past and will continue to suffer them in the future.

WHEREFORE Plaintiffs, JANE DOE, individually and as the parent and natural guardian of L.R., a minor child, demands judgment against Defendant, RCCL, for economic and non-economic damages. Economic damages include but are not limited to the loss of the ability of JANE DOE and L.R. to earn money in the future and the cost of medical, psychological treatment expenses, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; and loss of income earning capacity for the future. Non-economic damages include but are not limited to damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under the General Maritime Law. The losses are either permanent or continuing and the Plaintiffs will continue to suffer the losses and other expenses in the future, and for any and all other damages which the Court deems just and appropriate.

<u>**COUNT III**</u>
<u>**NEGLIGENT FAILURE TO WARN**</u>

46.     The Plaintiffs hereby adopt and reallege each and every allegation in Paragraphs 1 through 22.

47.     This is an action for negligence of RCCL's failing to warn passengers, including the Plaintiffs, of known dangers in places where passengers are invited or reasonably expected to visit.  RCCL anticipated and foresaw that crimes would be perpetrated on passengers aboard its vessels.  It is expected that passengers, including the Plaintiffs, will interact with RCCL's crew members throughout its cruises and that crew members have access to assigned passenger cabins.

48.     **DUTIES OWED BY RCCL.** RCCL owes a "duty to exercise reasonable care for the safety of its passengers," including the Plaintiffs herein. *See Hall v. Royal Caribbean Cruises, Limited*, 2004 WL 1621209 (Fla. 3d DCA 2004). The Defendant also owes a "duty to exercise reasonable care under the circumstances." *See Harnesk v. Carnival Cruise Lines, Inc.*, 1991 WL 329584 (S.D. Fla. 1991). Additionally, the Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit." *See Vierling v. Celebrity Cruises, Inc.,* 339 F.3d 1309 (11th Cir. 2003) ("Courts sitting in admiralty have long recognized an obligation on the part of a carrier to furnish its passengers with a reasonably safe means of boarding and leaving the vessel, that this obligation is non-delegable, and that even the slightest negligence renders a carrier liable."); *Carlisle v. Ulysses Line Limited*, 475 So.2d 248 (Fla. 3d DCA 1985).

49.     RCCL at all relevant times, as well as other major cruise lines, have been required to keep records of all complaints about certain crimes, which include sexual assault.  Cruise lines, including Royal Caribbean Cruise Line, must report complaints of sexual assault to the FBI and the Department of Transportation.  *See* 46 U.S.C. §3507(g)(1)(A); 46 U.S.C. §3507(k)(1); 46 U.S.C. §3507(g)(3)(A)(i),(ii). The Department of Transportation has a statutory duty to compile the reports and publish quarterly "statistical compilation[s]" about crimes, including sexual assault and rape that occur on board cruise vessels.  46 U.S.C. §3507(g)(4).  These compilations are titled Cruise Line Incident Reports and maintained on the United States Department of Transportation website at https://www.transportation.gov/mission/safety/cruise-line-incident-reports.  According to the Department of Transportation, sexual assault is the most common crime reported on cruise ships.  For example, in 2022, cruise lines reported 67 crimes to the Department of Transportation, 57 of which involved sexual assaults.

50.     RCCL documents and, as a matter of law, must report prior incidents involving sexual assault and other crimes, which may include prior shipboard safety meetings; logs or databases of prior similar incidents; prior complaints made to guest services throughout its fleet; prior investigative reports as well as through other documentation.

51.     RCCL knows that the most commonly reported crime on cruise ships is sexual assault. RCCL knew or should have known to warn its passengers, including the Plaintiffs, about the high risk to its passengers of sexual assault, sexual molestation and sexual battery and injury aboard the vessels. RCCL failed to warn the Plaintiffs of this danger and because of that failure, she and her family were unaware they needed to take any special precautions while aboard the subject ship.

52.     RCCL had actual and/or constructive notice of the dangerous condition as alleged in paragraphs 13-16 above and incorporated herein.

53.     **RCCL BREACHED ITS DUTY.**  RCCL breached its duty to warn the Plaintiffs of the dangerous condition and breached its duties to the Plaintiffs by its actions and conducts. RCCL, through its crew members, failed to warn its passengers, including the Plaintiffs, about the high risk to passengers of crime and injury aboard the subject vessel. RCCL failed to distribute any written materials and/or memos; provide warnings on its website; make audible announcements; play video warning messages or other types of warnings to its passengers that they are at high risk of crime and injury while on the Defendant's ship. The Defendant failed to warn passengers that they would be photographed and/or videotaped without knowledge or consent while in their assigned cabins on board. RCCL also failed to comply with applicable industry standards, statutes, and/or regulations.

54.     **PROXIMATE CAUSE.** RCCL's failure to properly warn the Plaintiffs of the high risk of crime and personal injury, including sexual assault, proximately caused the Plaintiffs'

injuries. Had RCCL properly warned the Plaintiffs of the dangerous condition, they would never have taken the subject cruise and they would never have been sexually assaulted. Had RCCL properly warned the Plaintiffs of the lack of supervision and the risk of sexual assault, they would have never entrusted the Defendant with their care.

55.     **DAMAGES.** RCCL's negligence proximately caused permanent injuries and damages to the Plaintiffs, JANE DOE, individually and as the parent and natural guardian of L.R., a minor child, in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; and loss of income earning capacity for the future. The Plaintiffs, JANE DOE, individually and as the parent and natural guardian of L.R., a minor child, incurred and will incur medical and psychological expenses through the age at which the child reaches maturity and L.R., the minor child, will incur medical and psychological expenses for all time in the future thereafter. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing. The Plaintiffs have suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE** Plaintiffs, JANE DOE, individually and as the parent and natural guardian of L.R., a minor child, demands judgment against Defendant, RCCL, for economic and non-economic damages. Economic damages include but are not limited to the loss of the ability of JANE DOE and L.R. to earn money in the future and the cost of medical, psychological treatment expenses, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; and loss of income earning capacity for the future. Non-economic damages include but are not limited to damages in the past and in the future including pain,

suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under the General Maritime Law. The losses are either permanent or continuing and the Plaintiffs will continue to suffer the losses and other expenses in the future, and for any and all other damages which the Court deems just and appropriate.

**COUNT IV**
**NEGLIGENT SECURITY**

56.     The Plaintiffs adopt and reallege each and every allegation in paragraphs 1 through 22.

57.     This is an action for the Defendant's negligent security on board the *RCCL Symphony of the Seas,* which allowed one of RCCL's crew members to sexually assault the Plaintiffs.

58.     **DUTIES OWED BY RCCL.** RCCL owes a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiffs herein. See, *Hall vs. Royal Caribbean Cruises, Limited*, 2004 A.M.C. 1913, 2004 WL 1621209, 29 FLWD 1672, Case No. 3D03-2132 (Fla. 3d DCA Opinion filed July 21,2004) *citing Kermarec v. Compagnie Generate Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959); and *Harnesk vs. NCL Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991).  The Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit."  See, *Carlisle vs. Ulysses Line Limited*, *S.A*., 475 So. 2d 248 (Fla. 3d DCA 1985).

59.     RCCL knew, or in the exercise of reasonable care should have known, that on board the cruise ships, there have been numerous sexual assaults perpetrated by crew and/or officers on passengers.

60.    RCCL had actual and/or constructive notice of the dangerous condition as alleged in paragraphs 13-16 above and incorporated herein.

61.    Passengers, such as the Plaintiffs, rely upon RCCL to monitor their cameras and provide adequate ship security to protect them from harm.

62.    **RCCL BREACHED ITS DUTY.** RCCL breached its duty to the Plaintiffs. RCCL failed to install a sufficient amount of security cameras on the cruise ship in the passenger areas and other public areas, which are monitored by security personnel, which could serve as a deterrent to incidents of sexual assault or permit RCCL to respond to such incidents. Because there were not a sufficient amount of security cameras and the security cameras that the ship does have are not adequately monitored, there were no security officers watching the cameras to see crew member Arvin Joseph Mirasol entering passenger cabins to plant hidden video recording cameras and/or devices. Because the security cameras were not adequately monitored crew member Arvin Joseph Mirasol was able to secretly plant a hidden video recording device in JANE DOES's cabin and sexually assault her and her minor son, L.R.

63.    RCCL also breached its duties by failing to provide a reasonable number of experienced and trained security officers, supervisors, and guards on the cruise ship and/or otherwise provide adequate security to its passengers. Because there was not a sufficient amount of security officers on the ship, the security officers were not adequately patrolling the ship. Had there been an adequate amount of security officers patrolling the ship, a security officer would have patrolled and discovered that crew member Arvin Joseph Mirasol was repetitively entering passenger cabins with video recording devices.

64.    RCCL also breached its duties by failing to promulgate and enforce reasonable rules and regulations regarding preventing sexual harassment and assault from occurring. RCCL also failed to ascertain the cause of prior similar accidents so as to take measures to prevent the re-

occurrence of sexual assaults. RCCL failed to investigate the hazards and assess risks to passengers, like the Plaintiffs and then take the necessary steps to eliminate or minimize the hazards and risks and/or warn passengers, like the Plaintiffs, of the dangers from the hazards and risks. RCCL failed to comply with applicable industry standards, statutes, and/or regulations.

65.     Additionally, RCCL breached its duties by failing to implement a method of operation that was reasonable and safe and would prevent dangerous conditions such as the one in this case. Because RCCL failed to implement a method of operation which would prevent dangerous conditions such as the one in this case, no security officer went to find out why crew member Arvin Joseph Mirasol had entered JANE DOES's assigned cabin and sexually assaulted her and her minor son, L.R. Because no security officer went to find out why crew member Arvin Joseph Mirasol had entered JANE DOE's stateroom, Arvin Joseph Mirasol was able to sexually assault the Plaintiffs.

66.     **PROXIMATE CAUSE.** RCCL's failures put the Plaintiffs in high risk of crime and personal injury, including sexual assault, and proximately caused the Plaintiffs' injuries.  Had RCCL properly implemented a security system, the Plaintiffs would never have been sexually assaulted.

67.     **DAMAGES.** RCCL's negligence proximately caused permanent injuries and damages to the Plaintiffs, JANE DOE, individually and as the parent and natural guardian of L.R., a minor child, in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; and loss of income earning capacity for the future. The Plaintiffs, JANE DOE, individually and as the parent and natural guardian of L.R., a minor child, incurred and will incur medical and psychological expenses through the age at which the child reaches maturity and L.R., the minor child, will incur medical

and psychological expenses for all time in the future thereafter. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing. The Plaintiffs have suffered these losses in the past and will continue to suffer them in the future.

      **WHEREFORE** Plaintiffs, JANE DOE, individually and as the parent and natural guardian of L.R., a minor child, demands judgment against Defendant, RCCL, for economic and non-economic damages. Economic damages include but are not limited to the loss of the ability of JANE DOE and L.R. to earn money in the future and the cost of medical, psychological treatment expenses, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; and loss of income earning capacity for the future. Non-economic damages include but are not limited to damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under the General Maritime Law. The losses are either permanent or continuing and the Plaintiffs will continue to suffer the losses and other expenses in the future, and for any and all other damages which the Court deems just and appropriate.

**<u>COUNT V</u>**
**<u>NEGLIGENT SUPERVISION</u>**

      68.    The Plaintiffs hereby adopt and reallege each and every allegation in paragraphs 1 through 22.

      69.    This is an action for negligent supervision of the RCCL's crew member who sexually assaulted the Plaintiffs on board *RCCL Symphony of the Seas.*

70.     **DUTIES OWED BY RCCL.** The Defendant owes a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiffs herein. See, *Hall vs. Royal Caribbean Cruises, Limited*, 2004 A.M.C. 1913, 2004 WL 1621209, 29 FLWD 1672, Case No. 3D03-2132 (Fla. 3d DCA Opinion filed July 21,2004) *citing Kermarec v. Compagnie Generate Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959); and *Harnesk vs. NCL Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991).  The Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit."  See, *Carlisle vs. Ulysses Line Limited*, *S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985).

71.     RCCL had a duty to use reasonable care under the circumstances to maintain their ship in a reasonably safe condition commensurate with the activities conducted thereon and to prevent harm to its passengers resulting from the foreseeable sexual assault by crew and/or officers.  In particular, RCCL had a duty to take such precautions as were reasonably necessary to protect its passengers from sexual assault which was reasonably foreseeable.

72.     RCCL knew, or in the exercise of reasonable care should have known, that on board the cruise ships, there have been numerous sexual assaults perpetrated by crew and/or officers on passengers.

73.     RCCL had actual and/or constructive notice of the dangerous condition as alleged in paragraphs 13-16 above and incorporated herein.

74.     **RCCL BREACHED ITS DUTY.** RCCL breached its duty to exercise reasonable care under the circumstances by its failures and by its choices of rules, regulations, policies, and procedures that failed to reasonably monitor and supervise its onboard crew. RCCL failed to implement and follow reasonable procedures and methods to supervise, monitor, and/or review crew member conduct and interactions with RCCL's passengers. RCCL failed to reasonably and properly control its employees and/or provide rules, regulations, policies and/or procedures for employees

regarding conduct with passengers.  RCCL failed to comply with applicable industry standards, statutes, and/or regulations.

75.     **PROXIMATE CAUSE.**  RCCL's failure to properly monitor and supervise its crew members put the Plaintiffs in high risk of crime and personal injury, including sexual assault, and proximately caused the Plaintiffs' injuries.  Had RCCL properly monitored and supervised its crew members the Plaintiffs would never have been sexually assaulted.

76.     **DAMAGES.**  RCCL's negligence proximately caused permanent injuries and damages to the Plaintiffs, JANE DOE, individually and as the parent and natural guardian of L.R., a minor child, in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; and loss of income earning capacity for the future. The Plaintiffs, JANE DOE, individually and as the parent and natural guardian of L.R., a minor child, incurred and will incur medical and psychological expenses through the age at which the child reaches maturity and L.R., the minor child, will incur medical and psychological expenses for all time in the future thereafter. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing. The Plaintiffs have suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE** Plaintiffs, JANE DOE, individually and as the parent and natural guardian of L.R., a minor child, demands judgment against Defendant, RCCL, for economic and non-economic damages. Economic damages include but are not limited to the loss of the ability of JANE DOE and L.R. to earn money in the future and the cost of medical, psychological treatment expenses, and other related expenses in the past and in the future; household and other related

expenses in the past and in the future; and loss of income earning capacity for the future. Non-economic damages include but are not limited to damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under the General Maritime Law. The losses are either permanent or continuing and the Plaintiffs will continue to suffer the losses and other expenses in the future, and for any and all other damages which the Court deems just and appropriate.

<u>COUNT VI</u>
<u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

77.     The Plaintiffs hereby adopt and reallege each and every allegation in paragraphs 1 through 22.

78.     This is an action for RCCL's intentional infliction of emotional distress based upon RCCL's actions and conduct before and after the sexual assault. "Although maritime law does not explicitly provide a cause of action for emotional distress, Plaintiffs may nevertheless state an intentional infliction of emotional distress claim in a maritime context." *Markham v. Carnival Corporation*, 2012 WL 12866787 (S.D. Fla. Dec. 3, 2012)(citing *McAllister v. Royal Caribbean Cruises, Ltd.*, 2003 WL 23192102, at *4 (E.D. Pa. Sept. 30, 2003)); *Wallis v. Princess Cruises, Inc.*, 306 F.3d 827, 841 (9th Cir. 2002).

79.     RCCL through the actions and conduct of its employees or agents, actual or apparent is liable for the intentional infliction of emotional distress. RCCL intentionally inflicted emotional distress upon the Plaintiffs by its actions and conduct before and after the sexual assault.

80.     Sexual assault is outrageous conduct that goes beyond all bounds of decency and is to be regarded as odious and utterly intolerable in a civilized community.  Sexual assault can cause and did cause emotional distress to the Plaintiffs and the emotional distress was severe.

81.     RCCL's conduct is outrageous and goes beyond all bounds of decency and is to be regarded as odious and utterly intolerable in a civilized community.

82.     **EXTREME AND OUTRAGEOUS CONDUCT.** On the date of the subject incident, RCCL's employee committed the intentional acts of sexual assault on the Plaintiffs, which were passengers on board. RCCL's crew member, Arvin Joseph Mirasol, intentionally and secretly hid a camera in the Plaintiffs' assigned cabin bathroom during the subject cruise, while working as a cabin attendant, for the purpose of capturing images and/or video recordings of the Plaintiffs, undressed and engaging in private activities in the cabin bathroom.

83.     The Plaintiffs did not consent to these sexual acts.

84.      This assault perpetrated by RCCL's crew member constitutes extreme and outrageous conduct that exceeds all bounds that are usually tolerated by civilized society.

85.     **DELIBERATE OR RECKLESS INFLICTION OF MENTAL SUFFERING.** RCCL through the actions and conduct of its employee or agent, actual or apparent, is vicariously or strictly liable for the negligent infliction of emotional distress. The conduct of the crew member was directed at the Plaintiffs. The employee of RCCL intentionally inflicted emotional distress upon the Plaintiffs by its actions and conduct of sexual assault. The crew member intended to cause or recklessly disregarded the probability of causing the Plaintiffs emotional distress by his sexual assault on them.

86.     **SEVERE OR EXTREME EMOTIONAL DISTRESS.**  The crew member's conduct caused the Plaintiffs severe emotional distress when he sexually assaulted them. Plaintiffs, JANE DOE, suffered severe emotional distress after discovering that she and her minor son L.R. were sexually assaulted by video voyeurism during their cruise on board the RCCL *Symphony of the Seas*, during which she reasonably felt entirely invaded and feared for her and her son's safety and ultimately suffered injuries that could endanger her health and life. The crew member's

extreme and/or outrageous conduct caused the Plaintiffs severe or extreme emotional distress that is substantial and/or enduring quality.

87.     **PROXIMATE CAUSE.** The crew member's outrageous conduct of sexual assault proximately caused the Plaintiffs to experience severe and extreme emotional distress. As a result of this incident, the Plaintiffs suffer from psychological trauma including but not limited to PTSD, fright and anxiety.

88.     RCCL endangered Plaintiffs' health and life. RCCL's outrageous conduct proximately caused the Plaintiffs to experience severe and extreme emotional distress.

89.     **DAMAGES.** RCCL's negligence proximately caused permanent injuries and damages to the Plaintiffs, JANE DOE, individually and as the parent and natural guardian of L.R., a minor child, in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; and loss of income earning capacity for the future. The Plaintiffs, JANE DOE, individually and as the parent and natural guardian of L.R., a minor child, incurred and will incur medical and psychological expenses through the age at which the child reaches maturity and L.R., the minor child, will incur medical and psychological expenses for all time in the future thereafter. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing. The Plaintiffs have suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE** Plaintiffs, JANE DOE, individually and as the parent and natural guardian of L.R., a minor child, demands judgment against Defendant, RCCL, for economic and non-economic damages. Economic damages include but are not limited to the loss of the ability of

JANE DOE and L.R. to earn money in the future and the cost of medical, psychological treatment expenses, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; and loss of income earning capacity for the future. Non-economic damages include but are not limited to damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under the General Maritime Law. The losses are either permanent or continuing and the Plaintiffs will continue to suffer the losses and other expenses in the future, and for any and all other damages which the Court deems just and appropriate.

## COUNT VII
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

90.     The Plaintiffs hereby adopts and realleges each and every allegation in paragraphs 1 through 22.

91.     This is an action for RCCL's negligent infliction of emotional distress. RCCL's negligence caused the Plaintiffs severe emotional distress as a result of the psychological trauma due to the fear of another sexual assault by the perpetrator and RCCL's response thereto.

92.     **DUTIES OWED BY RCCL.**  RCCL owes a "duty to exercise reasonable care for the safety of its passengers," including the Plaintiffs herein. *See Hall v. Royal Caribbean Cruises, Limited*, 2004 WL 1621209 (Fla. 3d DCA 2004).  The Defendant also owes a "duty to exercise reasonable care under the circumstances." *See Harnesk v. Carnival Cruise Lines, Inc.*, 1991 WL 329584 (S.D. Fla. 1991).

93.     RCCL knew, or in the exercise of reasonable care should have known, that on board the cruise ships, there have been numerous instances of sexual assault on passengers. Given the

circumstances onboard the ships—more fully described herein—sexual assault is an on-going and repetitive problem.

94.     RCCL had a duty to use reasonable care under the circumstances to maintain their ship in a reasonably safe condition commensurate with the activities conducted thereon and to prevent harm to its passengers resulting from the foreseeable sexual assault.

95.     In particular, RCCL had a duty to take such precautions as were reasonably necessary to protect its passengers from sexual assault which was reasonably foreseeable.

96.     RCCL had experienced and had actual knowledge of assaults and batteries and sexual crimes, and other violence between passengers and anticipated and foresaw that crimes would be perpetrated on passengers aboard cruise ships. RCCL knew or should have known of the high risk to its passengers of crime and injury aboard RCCL vessels.

97.     The Plaintiffs has a "close personal relationship to the directly injured person", that is, the Plaintiffs L.R., a minor child, who was also a directly injured person.

98.     The Plaintiffs was involved in the events causing negligent injury.

99.     On the date of the subject incident, the RCCL employee trusted with the attendance, care and safety of the assigned passenger cabins created a dangerous condition for the passengers that were assigned to the subject cabins in his care. Due to RCCL's negligence, JANE DOE and L.R. were sexually assaulted by video voyeurism by their assigned cabin attendant.

100.    RCCL endangered the Plaintiffs's health and life. RCCL's outrageous conduct caused the Plaintiffs to experience severe and extreme emotional distress.

101.    **RCCL BREACHED ITS DUTY.** RCCL breached its duty to warn the Plaintiffs and other passengers about the high risk of crime and injury aboard its vessels. RCCL breached its duty to provide proper security to ensure the safety of its passengers. RCCL breached its duty to properly monitor and supervise their employees. RCCL failed to report the crime committed

onboard its ship. RCCL failed to properly investigate the sexual assault perpetrated on JANE DOE and L.R. RCCL also failed to comply with applicable industry standards, statutes, and/or regulations.

102.   **PROXIMATE CAUSE.** RCCL's negligence put the Plaintiffs in high risk of crime and personal injury, including sexual assault, and proximately caused the Plaintiffs' injuries. Had RCCL properly warned passengers of the high risk of crime aboard its ships, properly monitored and/or supervised their employees, and provided proper security, the Plaintiffs would never have been sexually assaulted and suffered injuries, including severe emotional distress.

103.   **DAMAGES.** RCCL's negligence proximately caused permanent injuries and damages to the Plaintiffs, JANE DOE, individually and as the parent and natural guardian of L.R., a minor child, in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; and loss of income earning capacity for the future. The Plaintiffs, JANE DOE, individually and as the parent and natural guardian of L.R., a minor child, incurred and will incur medical and psychological expenses through the age at which the child reaches maturity and L.R., the minor child, will incur medical and psychological expenses for all time in the future thereafter. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing. The Plaintiffs have suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE** Plaintiffs, JANE DOE, individually and as the parent and natural guardian of L.R., a minor child, demands judgment against Defendant, RCCL, for economic and non-economic damages. Economic damages include but are not limited to the loss of the ability of

JANE DOE and L.R. to earn money in the future and the cost of medical, psychological treatment expenses, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; and loss of income earning capacity for the future. Non-economic damages include but are not limited to damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under the General Maritime Law. The losses are either permanent or continuing and the Plaintiffs will continue to suffer the losses and other expenses in the future, and for any and all other damages which the Court deems just and appropriate.

**COUNT VIII**
**VICARIOUS LIABILITY FOR NEGLIGENCE**
*RESPONDEAT SUPERIOR* **UNDER GENERAL MARITIME LAW**

104.     The Plaintiffs hereby adopts and re-alleges each and every allegation in paragraphs 1 through 22.

105.     This is an action against RCCL's vicarious liability for the active negligence of its employee who intentionally and secretly hid a camera in the Plaintiffs's assigned cabin bathroom during the subject cruise, while working as a cabin attendant, for the purpose of capturing images and/or video recordings of the Plaintiffs, undressed and engaging in private activities in the cabin bathroom and sexually assaulted the Plaintiffs.

106.     **DUTIES OWED BY RCCL.** At all times material herein, the crew aboard the *RCCL Symphony of the Seas* were the employees of the Defendant, RCCL, is therefore vicariously liable for the active negligence of its crew including the subject crewmember who intentionally and secretly hid a camera in the Plaintiffs' assigned cabin bathroom during the subject cruise,

while working as a cabin attendant, for the purpose of capturing images and/or video recordings of the Plaintiffs, undressed and engaging in private activities in the cabin bathroom.

107.    RCCL's crewmembers owe a duty to exercise reasonable care for the safety of its passengers, including JANE DOE and L.R. As part of RCCL's duty to use reasonable care under the circumstances, RCCL's crewmembers had a duty to provide a controlled environment safe for passengers and a duty to supervise their crew members and/or employees.

108.    **NOTICE IS NOT REQUIRED FOR EMPLOYEE NEGLIGENT ACTS.** RCCL is vicariously liable for the negligent acts of its employees. A passenger is not required to establish that a shipowner had actual or constructive notice of a risk-creating condition to hold a shipowner liable for the negligent acts of its employees. *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1169-1170 (11th Cir. 2021).  In this case, RCCL.'s crewmember's negligent acts caused permanent injuries and damages to the Plaintiffs, JANE DOE, individually and as the parent and natural guardian of L.R., a minor child, and to the minor child, L.R. in the past and in the future.

109.    Notwithstanding that, RCCL had actual notice and/or constructive notice of the dangerous condition as alleged in paragraphs 13-16 above and incorporated herein.

110.    **RCCL BREACHED ITS DUTIES**. RCCL's crewmember breached his duties. RCCL's crewmember failed to use reasonable care for the safety of the Plaintiffs. RCCL failed to provide a controlled environment safe for passengers. RCCL failed to supervise and monitor its crew members and/or employees.

111.    **PROXIMATE CAUSE**. RCCL's crewmember proximately caused permanent injuries and damages to the Plaintiffs, JANE DOE, individually and as the parent and natural guardian of L.R., a minor child, and to the minor child, L.R. in the past and in the future. Had RCCL maintained adequate supervision and monitored its crew members and/or employees, JANE DOE and L.R. would have never been sexually assaulted.

112.   **DAMAGES.** RCCL's negligence proximately caused permanent injuries and damages to the Plaintiffs, JANE DOE, individually and as the parent and natural guardian of L.R., a minor child, in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; and loss of income earning capacity for the future. The Plaintiffs, JANE DOE, individually and as the parent and natural guardian of L.R., a minor child, incurred and will incur medical and psychological expenses through the age at which the child reaches maturity and L.R., the minor child, will incur medical and psychological expenses for all time in the future thereafter. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing. The Plaintiffs have suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE** Plaintiffs, JANE DOE, individually and as the parent and natural guardian of L.R., a minor child, demands judgment against Defendant, RCCL, for economic and non-economic damages. Economic damages include but are not limited to the loss of the ability of JANE DOE and L.R. to earn money in the future and the cost of medical, psychological treatment expenses, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; and loss of income earning capacity for the future. Non-economic damages include but are not limited to damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under the General Maritime Law. The losses are either permanent or continuing and the Plaintiffs will continue to suffer the losses and

other expenses in the future, and for any and all other damages which the Court deems just and appropriate.

Dated this 9th day of January 2025.

Respectfully submitted,

By:  _s/ Loretta Guevara_
**LORETTA GUEVARA, ESQ.** (FBN 1002422)
lguevara@hickeylawfirm.com
**JOHN H. HICKEY**, **ESQ.** (FBN 305081)
hickey@hickeylawfirm.com
federalcourtfilings@hickeylawfirm.com
**HICKEY LAW FIRM, P.A.**
12150 SW 128th Court, Suite 225
Miami, Florida 33186
Telephone: (305) 371-8000
Facsimile: (305) 371-3542
_Counsel for the Plaintiffs_